CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 20 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 7:12cr00103 |
| | ) | |
| MARTIN ALVIN KING, | ) | By: Michael F. Urbanski |
| | ) | United States District Judge |
| Petitioner. | | |

## MEMORANDUM OPINION

Petitioner Martin Alvin King brings this habeas corpus petition pursuant to 28 U.S.C. § 2255, arguing that his sentence under the Armed Career Criminal Act ("ACCA") is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 63. The government agrees. For the reasons set forth below, the court will **GRANT** King's habeas petition and resentence him to a total period of incarceration of 42 months, to be followed by a three-year term of supervised release, by agreement of the parties.

### I.

Pursuant to a written plea agreement, King entered a plea of guilty to both counts of the indictment in this case:

> Count 1: possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).
>
> Count 2: possession of a stolen firearm, in violation of 18 U.S.C. § 922(j).

Following a sentencing hearing, a criminal judgment was entered on September 17, 2013, sentencing King to a total of 180 months incarceration—180 months on Count 1 and 120 months on Count 2, to be served concurrently. The judgment also notes: "However, should

the case be remanded for resentencing then the alternative sentence of 120 months would be imposed." ECF No. 53. The sentencing judge imposed a term of supervised release of three years on each count, to run concurrently.

Because the court determined that King had three or more qualifying convictions under the ACCA,[1] he was subject to 18 U.S.C. § 924(e)'s mandatory minimum sentence of 180 months on Count 1, rather than the 120-month maximum sentence otherwise authorized under § 924(a)(2). The PSR identifies four qualifying predicate convictions subjecting King to the ACCA enhancement: three convictions for Alabama third-degree burglary (paragraphs 29, 30, 31), and one conviction for Virginia statutory burglary (paragraph 36). ECF No. 55. Counts 1 and 2 were grouped together for purposes of the guidelines computation, and the court calculated King's sentencing guideline range as 188 to 235 months. ECF No. 54.

King later received the benefit of motion for substantial assistance pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, which allowed the sentencing court to reduce King's sentence below the required statutory minimum sentence previously imposed. ECF No. 59. Accordingly, the court entered an amended judgment on June 9, 2014, reducing King's sentence from a total term of 180 months to a total term of 120 months incarceration. ECF No. 60. The amended judgment notes that all other terms and conditions of the defendant's original sentence were to remain the same.

The issue raised in King's § 2255 petition is whether, following the decisions of the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch

---

[1] King objected to PSR's assessment that he was an armed career criminal and therefore subject to the enhanced sentence under § 924(e). ECF No. 55. That objection was overruled.

2

v. United States, 136 S. Ct. 125 (2016), his ACCA enhancement for his prior burglary convictions remains lawful. Counsel appeared before the court for a hearing on December 8, 2016, at which King was present via video conference. Following this hearing, King filed a motion to vacate the court's briefing order, grant his petition, and resentence him to a period of 42 months in prison without the need for a further hearing. ECF No. 77. At the court's request following a telephone conference on January 13, 2017, the parties filed an agreed statement as to the appropriate sentence in King's case, in which they ask the court the resentence King to a total period of incarceration of 42 months, followed by a term of supervised release of three years. ECF No. 80.[2]

## II.

Under 28 U.S.C. § 2255, a federal inmate may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. Courts may afford relief where "the sentence was imposed in violation of the Constitution or the laws of the United States." Id. § 2255(a). If the court determines the sentence was unlawfully imposed, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

A convicted felon found guilty of possessing a firearm faces a maximum sentence of 120 months. 18 U.S.C. § 924(a)(2). However, the ACCA provides for a mandatory minimum sentence of 180 months when a defendant was previously convicted of at least three prior serious drug offenses or violent felonies. Id. § 924(e)(1). A violent felony is defined as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that —

---

[2] The initial stipulation filed by the parties, ECF No. 79, was later amended, ECF No. 80.

3

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~

Id. § 924(e)(2)(B) (strikeout added).

In 2015, the Supreme Court invalidated the language stricken above after finding it void for vagueness. Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II").[3] Though often parsed into three clauses—the force clause, the enumerated clause, and the residual clause—§ 924(e)(2)(B) is comprised of two numbered subsections. See Begay v. United States, 553 U.S. 137, 142-44 (2008). Specifically, the first subsection states:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or ("Subsection (i)")

18 U.S.C. § 924(e)(2)(B). This first subsection is often referred to as the "force clause." The second subsection states:

> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~ ("Subsection (ii)")

Id. Subsection (ii) lists several specific "enumerated offense" crimes—burglary, arson, extortion, and use of explosives—that amount to violent felonies. Subsection (ii) goes on to encompass any crime that "otherwise involves conduct that presents a serious potential risk of injury." This second portion of Subsection (ii)—the part of the statute deemed unconstitutional in Johnson II—is often called the "residual clause."

---
[3] The court refers to the 2015 Johnson decision as "Johnson II" to distinguish it from the Supreme Court's earlier decision in Johnson v. United States, 559 U.S. 133 (2010), concerning the force clause of § 924(e).

4

## III.

Paragraphs 29, 30 and 31 of the PSR indicate that King was convicted of third-degree burglary in Alabama in 1998, 2000, and 2003, respectively. The Eleventh Circuit Court of Appeals ruled in 2014 that Alabama third-degree burglary does not qualify as generic burglary and is not an enumerated offense listed in Subsection (ii) of § 924(e)(2)(B). United States v. Howard, 742 F.3d 1334 (11th Cir. 2014). This leaves only the residual clause of Subsection (ii) as a means by which King's Alabama third-degree burglary convictions could qualify as ACCA-enhancing violent felonies. As the Supreme Court determined in Johnson II, the residual clause is unconstitutionally vague and no longer a proper basis for an ACCA-enhanced sentence.[4] See Mays v. United States, 817 F.3d 728 (11th Cir. 2016) (holding Alabama third-degree burglary no longer qualifies as an enhancing conviction under § 924(e)(1)). Because King's three convictions for Alabama third-degree burglary referenced in paragraphs 29, 30, and 31 of the PSR do not qualify as predicate offenses under the ACCA, King does not have the requisite number of qualifying convictions needed to invoke § 924(e)'s 180-month mandatory minimum.[5] Therefore, his sentence as to Count 1 is unlawful and his habeas petition will be **GRANTED**.

## IV.

Both King and the government ask that King be resentenced to a total period of incarceration of 42 months, followed by a period of supervised release of 3 years. ECF No.

---

[4] The holding of Johnson II was made retroactive in Welch v. United States, 136 S. Ct. 125 (2016).
[5] King's only other potentially qualifying conviction is the Virginia statutory burglary conviction referenced in paragraph 36 of the PSR. This conviction alone is not enough to trigger § 924(e)(1)'s enhancement; thus, in King's case, the court need not reach the issue of whether Virginia statutory burglary is a qualifying predicate offense under the ACCA. Were the court to reach that issue, however, it would find that Virginia statutory burglary is not an ACCA predicate for the reasons set forth in United States v. Bryant, No. 7:12cr00062, 2017 WL 635498 (W.D. Va. Feb. 15, 2017).

5

80. Such a sentence would require the court to resentence King on both Count 1 (the § 922(g) conviction unlawfully enhanced pursuant to § 924(e)) and Count 2 (the § 922(j) conviction). Section § 2255(b) of Title 28 states that where a court finds a judgment was entered unlawfully, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." This statutory language "confers a 'broad and flexible' power to district courts 'to fashion an appropriate remedy.'" United States v. Hillary, 106 F.3d 1170, 1171-72 (4th Cir. 1997) (quoting United States v. Garcia, 956 F.2d 41, 45 (4th Cir. 1992)).

In Hillary, the petitioner collaterally attacked his 18 U.S.C. § 924(c) sentence for using or carrying a firearm during and in relation to a drug trafficking offense based on Bailey v. United States, 516 U.S. 137 (1995). In addition to serving a sentence for a § 924(c) conviction, petitioner Mister T. Hillary was serving a consecutive 78-month sentence for a 21 U.S.C § 841(a)(1) conviction. Hillary, 106 F.3d at 1170. After the sentence on § 924(c) was vacated, the government argued that Hillary should be resentenced on the § 841(a)(1) conviction and the government be allowed to seek an enhancement under U.S.S.G. § 2D1.1(b)(1). Id. at 1170-71. The district court declined to resentence Hillary on the § 841(a)(1) conviction, "concluding that it lacked jurisdiction to do so." Id. at 1171. The Fourth Circuit disagreed, concluding that § 2255 relief allowed the court to reach the § 841(a)(1) sentence. Id. at 1171-73. The Third Circuit Court of Appeals reached a similar conclusion in United States v. Davis, 112 F.3d 118, 120-23 (3d Cir. 1997) ("Based on the facts of this case, in which the petitioner collaterally attacks only one of his multiple

6

convictions, which are interdependent for sentencing purposes, we find that the district court did not err in asserting jurisdiction to recalculate the aggregate sentence.").

Both Davis and Hillary involved consecutive sentences. This distinction does not render these cases inapplicable to the present case involving the concurrent sentences of Counts 1 and 2, however. As Davis explains, "the interdependence of the vacated § 924(c) conviction and the remaining drug offenses suggests that resentencing on all counts is the only result consistent with the punishment prescribed by the law." 112 F.3d at 121. Just as in Davis and Hillary, the § 922(g) and § 922(j) convictions in King's judgment were interdependent. Counts 1 and 2 were grouped together for purposes of calculating King's guideline range, and King's total offense level was elevated to a level 31 as a result of the ACCA designation. Thus, the ACCA enhancement increased the guideline range for *both* the § 922(g) conviction and the § 922(j) conviction.

As Counts 1 and 2 are interdependent, the appropriate remedy under 28 U.S.C. § 2255 requires that the court resentence King on both the § 922(g) and § 922(j) convictions.

V.

As previously noted, King and the government have agreed that King should be resentenced to a total term of 42 months on Counts 1 and 2. The court assumes that by seeking a total sentence of 42 months, the parties request a sentence of 42 months on Count 1 and 42 months on Count 2, to run concurrently.[6] This sentence is calculated as follows.

---

[6] The amended judgment in this case reduced King's total sentence from 180 months to 120 months based on the Rule 35 motion. ECF No. 60. As King originally received 180 months on Count 1 and 120 months on Count 2, to run concurrently, the only logical reading of this amended judgment is that King's sentence was reduced to 120 months on Count 1, to run concurrently with the 120 month sentence originally imposed on Count 2. Similarly, the court concludes that the parties calculate King's new sentence of 42 months as comprised of 42 months on Count 1 and 42 months on Count 2, to run concurrently.

7

The modified PSR prepared on November 30, 2016 and revised on February 24, 2017[7] calculates a base offense level of 14 pursuant to United States Sentencing Guideline § 2K2.1(a)(6), as King was a prohibited person at the time he committed the instant offense. The offense level is increased by six levels under § 2K2.1(b)(1)(C) because the offense involved the theft of at least 25 but less than 99 firearms, and by another two levels under § 2K2.1(b)(4)(A) because King possessed a stolen firearm.[8] The adjusted offense level is thus a 22. Subtracting three points for acceptance of responsibility yields a total offense level of 19. Application of King's criminal history category of VI results in a guideline range of 63-78 months.

King's prior sentence was reduced from a total of 180 months to a total of 120 months pursuant to a Rule 35 motion for substantial assistance. Applying a commensurate reduction to the low end of King's new guideline range results in a sentence of 42 months total incarceration—42 months on Count 1 and 42 months on Count 2, to run concurrently.

## VI.

Accordingly, the court will **GRANT** King's 28 U.S.C. § 2255 motion (ECF No. 63), **GRANT** King's motion to vacate briefing order and grant petition without a hearing (ECF No. 77), and resentence him to a total period of incarceration of 42 months, comprised of 42 months on Count 1 and 42 months on Count 2, to run concurrently, to be followed by a term of supervised release of three years on each count, also to run concurrently. The court

---

[7] The court will docket this modified PSR.

[8] These specific offense characteristics appear in the original PSR prepared prior to King's 2013 sentencing, and there was no objection from either party. The original PSR contained an additional four-level increase pursuant to § 2K2.1(b)(6)(A), because King possessed the firearms and ammunition in connection with another felony offense, but the sentencing judge sustained King's objection to this four-level increase and disallowed it. ECF No. 54. As such, it does not appear in the modified PSR.

finds the 42-month sentence proposed by the parties is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

King has waived any right to be resentenced in person and has consented to being resentenced in his absence. See ECF No. 77. The parties state that there are no victims seeking to testify at a sentencing hearing and that they seek no changes to the terms and conditions of supervised release. ECF No. 80. As such, the court will not hold a resentencing hearing.

An appropriate Order and amended judgment will be entered.

Entered: 03-20-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge